FILED

January 19, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:34 PM



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **MICHAEL CONNER,** | ) | **Docket No. 2015-06-1415** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | **State File No. 101766-2015** |
| | ) | |
| **J&J CONSTRUCTION,** | ) | |
| **Employer.** | ) | **Judge Joshua Davis Baker** |

## COMPENSATION HEARING ORDER

This matter came before the Court for a compensation hearing on December 20, 2017. The central legal issue is whether Mr. Conner is entitled to workers' compensation benefits and whether he may seek benefits from the Uninsured Employers Fund (UEF). J&J Construction did not attend the hearing. For the reasons below, the Court holds J&J Construction must pay Mr. Conner temporary disability, and it further holds he is ineligible to recover benefits from the UEF.

## Claim History

After his workday on July 15, 2015, Mr. Conner sat on a cooler in the bed of his supervisor's truck to ride across J&J Construction's worksite. When the truck accelerated suddenly, he toppled to the ground and broke his nose. Mr. Conner's girlfriend drove him to the emergency room at Southern Hills Medical Center.

Mr. Conner incurred $13,547.00 in medical expenses from emergency treatment at Southern Hills and from subsequent treatment by Dr. Michael Salazar. At Southern Hills, Dr. Richard W. Rieck diagnosed "bilateral nasal fractures" and "remote medial blowout fracture of the left orbit." Dr. Salazar next treated Mr. Conner, taking him off work for three to four weeks to recover.

1

Once Mr. Conner recovered, J&J Construction employed him for approximately two weeks before suddenly cutting his pay and terminating his employment. J&J Construction did not have workers' compensation coverage.

Mr. Conner testified that Andrew Jackson, the truck-driver and owner's son, offered to provide him medical care through his truck's insurance policy. The truck's insurance carrier refused to cover Mr. Conner's medical treatment, since it was a work-related injury.

J&J Construction's owner hired Mr. Conner six to eight months before his injury and paid him cash. Mr. Conner's affidavit indicated he earned $900 per week on average.

**Findings of Fact and Conclusions of Law**

In order to prevail at this compensation hearing, Mr. Conner "must establish by a preponderance of the evidence that [he is] entitled to the requested benefits." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2017) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence."). For the reasons set forth below, the Court finds he carried his burden of proof in part, and it holds that J&J Construction must pay Mr. Conner temporary disability benefits and reimburse him for his out-of-pocket medical expenses. The Court denies Mr. Conner's claim for permanent disability benefits for lack of proof. The Court also holds that he is not eligible for recovery from the UEF.

Workers' Compensation Law defines an injury as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14). An injury is "accidental" if caused by a specific incident. *Id*. An injury occurs in the course of employment if 'it takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto.'" *Hubble v. Dyer Nursing Home*, 188 S.W.3d 525, 534 (Tenn. 2006).

Here, Mr. Conner credibly testified he suffered a broken nose after falling from his supervisor's truck on a construction site while employed by J&J Construction. The medical records corroborated his testimony. J&J Construction presented no contrary proof. Based on his testimony, the Court holds he suffered a workplace injury.

Mr. Conner also testified credibly about his medical treatment and expenses and presented bills to demonstrate the costs. The Court holds J&J Construction must reimburse Mr. Conner $13,547.00 in medical expenses.

Having found compensability, the Court considers Mr. Conner's entitlement to temporary total disability and permanent disability benefits. To establish entitlement to temporary disability benefits, Mr. Conner must show a compensable injury disabled him from working, a causal connection exists between his injury and inability to work, and the duration of his disability. *Jones v. Crencor*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Mr. Conner testified credibly that Dr. Salazar restricted him from working for three to four weeks because of his injury. Thus, the Court finds he was disabled from working for three and one-half weeks following his injury.

Compensation for temporary total disability is sixty-six and two-thirds percent of Mr. Conner's average weekly wages. *See id.* at 50-6-207(1)(A). Mr. Conner's affidavit indicated he earned an average weekly pay of $900.00. The Court finds his average weekly wage was $900.00, making his compensation rate $600.00 per week. The Court holds Mr. Conner is entitled to three and one-half weeks of temporary total disability, or $2,100.00.

To prove entitlement to permanent disability benefits, Mr. Conner must prove he suffered permanent disability from his injury. *See* Tenn. Code Ann § 50-6-207(3)(A). The Court holds Mr. Conner provided insufficient evidence to establish by a preponderance of the evidence that he suffered permanent impairment as a result of his work injury.

The Bureau has discretion to pay limited temporary disability and medical benefits to an injured employee who suffered a workplace injury and who meets the following criteria:
1. The employee worked for an employer who failed to carry workers' compensation insurance;
2. The employee suffered an injury arising primarily out of and in the course and scope of employment after July 1, 2015;
3. The employee was a Tennessee resident on the date of injury; and
4. The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

*Id.* at 50-6-801(d)(1)-(4).

Here, Mr. Conner did not provide notice to the Bureau within sixty days of his injury. His testimony indicated he was aware J&J Construction did not have workers' compensation insurance, as he attempted to obtain treatment from the truck's motor vehicle insurance policy instead. Despite knowing his employer was uninsured, he did not offer evidence that he notified the Bureau within sixty days. Therefore, the Court

3

holds that he is ineligible for benefits from the UEF.

**IT IS, THEREFORE, ORDERED** as follows:

1. J&J Construction shall pay Mr. Conner $13,547.00 for reimbursement of medical expenses.

2. J&J Construction shall pay Mr. Conner $2,100.00 in temporary total disability benefits.
3. The Court denies Mr. Conner's claim for benefits from the UEF.

4. The Court denies Mr. Conner's claim for permanent disability benefits.

5. The Court assesses the $150.00 filing fee to J&J Construction pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2017), for which execution shall issue as necessary.

6. Absent an appeal of this order by either party, the order shall become final thirty days after issuance.

**ENTERED ON JANUARY 22, 2018.**

_____

**JUDGE JOSHUA DAVIS BAKER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice filed December 15, 2017
3. Request for Scheduling Hearing
4. Order Granting Motion to Withdraw
5. Employer's Amended Motion to Withdraw
6. Employer's Motion to Withdraw
7. Employee's Motion to Set for Hearing
8. Employer's Notice of Appearance
9. Employer's Motion for Continuance of Expedited Hearing
10. Request for Expedited Hearing
11. Order on Show Cause Hearing
12. Show Cause Order
13. Dispute Certification Notice filed February 26, 2016

Exhibits:

1. Employee's Affidavit and Medical Records

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Order was sent to the following recipients by the following methods of service on January 19th, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| J.P. Barfield, Employee's Attorney | | | X | jpbarfield@jsblaw.com |
| David Jackson, Employer | X | | X | P.O. Box 123 Coalmont, IN 47485 Andrew.dl.jackson@gmail.com |

_____

**PENNY SHRUM, CLERK**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**